[ Decided October 29, 1894.]

## SELLWOOD LUMBER COMPANY *v.* MONNELL.

[S. C. 38 Pac. Rep. 66.]

MECHANICS' LIEN—CONTRACT BY OWNER OR AGENT—CODE § 3669.—A person claiming a right to a lien for labor or material furnished in the construction of a building must show that it was furnished at the instance of the owner or his agent.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit to foreclose a mechanics' lien.   The facts show that on May twenty-seventh, eighteen hundred and ninety-two, the defendant Carrie M. Monnell, being the owner of lot six in block four of McGuire's Addition to Portland, entered into a contract with one H. B. Parsons by the terms of which he undertook to furnish the necessary materials and erect a dwelling-house for her on said lot; that the defendant W. M. Ireland, who was in no way connected with the construction of said house, falsely representing to the manager of the plaintiff corporation that he owned said lot and intended to build a house thereon, requested him to furnish such lumber to Parsons as he might order for that purpose, and the said manager, relying upon the representations so made to him, agreed to

furnish the lumber and accept in part payment therefor paid up insurance policies upon plaintiff's property to be obtained by Ireland; that Ireland, being indebted to Parsons in the sum of two hundred and fifty dollars, and unable to pay the same, represented to him that he had made a contract with the plaintiff whereby it had agreed to furnish lumber in consideration of the insurance of its property, and offered to transfer said lumber to Parsons in payment of his debt, which offer was accepted; that Parsons, believing he was to obtain lumber from the plaintiff upon Ireland's account, ordered and the plaintiff hauled and delivered lumber on said lot of the value of two hundred and thirty-four dollars and sixty-six cents, which it charged to Ireland upon its books under the agreement for insurance, and which lumber Parsons used in the construction of Mrs. Monnell's house. Ireland having failed to procure any paid-up policies of insurance on plaintiff's property or to pay any part of said account for the lumber, the plaintiff filed its claim of lien upon said lot and building and commenced this suit for its foreclosure, making M. E. Rosenstein, Mrs. Monnell's grantee and successor in interest, a party thereto. The cause was tried before the court which found that the claim of lien represented W. M. Ireland as the person to whom the lumber had been furnished, and Carrie M. Monnell as the owner of the lot and building, and that there was no privity or contract relation existing between Mrs. Monnell or any of her codefendants and Ireland, and rendered a decree canceling the lien and dismissing the suit, from which decree the plaintiff appeals.                                    AFFIRMED.

*Mr. Dell Stuart,* for Appellant.

*Mr. Fred L. Keenan,* for Respondents.

PER CURIAM. An examination of the evidence shows that a fraud was perpetrated upon the plaintiff by Ireland

who thereby paid his debt to Parsons with plaintiff's property. Evidence was offered tending to show that when Ireland made his representations to plaintiff's manager, Parsons was present and heard but did not deny them, and it is contended that as he was Mrs. Monnell's agent, her property is bound by his participation in the fraud. Parsons admits that he was present when Ireland told the manager to let him have what lumber he should order, but denies that he heard any representations made by Ireland. Parsons' claim against Ireland was for a balance due on a building contract, for which he had a right of lien on Ireland's house and lot at the time he agreed, in the presence of one Stringham, to take the lumber in settlement thereof. It is probable Ireland had not made any arrangement with the plaintiff, but he succeeded in convincing Parsons that he had, and thereby induced him to forego his lien. To effect this result and thus relieve his property from a threatened lien it would seem as necessary to deceive Parsons as the plaintiff, and hence we think Parsons did not hear the representations made by Ireland to the plaintiff. Parsons ordered the lumber from the plaintiff believing he was obtaining it upon Ireland's credit in payment of his debt, and the plaintiff sold it and charged the account to Ireland, believing that he was the owner of the lot and that the lumber would enter into the construction of his building. A person claiming a right to a lien for labor or material used in the construction of a building must be able to show that it was furnished at the instance of the owner or his agent: Hill's Code, § 3669. Ireland was not the agent of Mrs. Monnell nor was he authorized to bind her property by anything he could do. It does not appear that Mrs. Monnell had any knowledge or notice, until the lien was filed, of the transactions by means of which the lumber was obtained that was used in her house, or that she connived at or ratified the same, and having

paid Parsons the full amount of the contract price there is no just reason why she should be called upon to answer for Ireland's fraudulent transactions. No lien having attached by reason of the delivery of the lumber there was no error in the decree, which is affirmed.

                                        AFFIRMED.